1

2

3
**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO, NEVADA**

4

5

6
JOSE CAMACHO-VILLA and MICHELLE )   3:10-CV-210-ECR-VPC
CAMACHO-VILLA,                   )

7                                )
Plaintiffs,                      )

8                                )   <u>**Order**</u>
vs.                              )

9                                )
GREAT WESTERN HOME LOANS, a California )

10 Corporation; FIRST AMERICAN TITLE )
COMPANY; MORTGAGE ELECTRONIC      )

11 REGISTRATION SYSTEM, INC., a      )
subsidiary of MERSCORP, INC., a   )

12 Delaware corporation, [MERS], MTDS, )
INC., a California Corporation DBA )

13 MERIDIAN TRUST DEED SERVICE; MERIDIAN )
FORECLOSURE SERVICE, a California )

14 Corporation; INDYMAC MORTGAGE SERVICES, )
a division of ONEWEST BANK, FBS; and )

15 DOES and ROES 1-25 Individuals,  )
Partnerships, or anyone claiming any )

16 interest to the property described in )
the action                       )

17 _____ )

18

19      Plaintiffs are homeowners who allege that they are the victims

20 of a predatory lending scheme perpetuated by Defendants.  Plaintiffs

21 assert causes of action for (i) injunctive relief; (ii) declaratory

22 relief; (iii) violations of the Federal Fair Debt Collection

23 Practice Act and the Nevada Fair Debt Collection law; (iv) unfair

24 and deceptive trade practices; (v) unfair lending practices; (vi)

25 violation of the covenant of good faith and fair dealing; (vii)

26 wrongful foreclosure; (viii) quiet title; (ix) fraud through

27 omission; (x) fraud in the inducement; (xi) conspiracy to commit

28 fraud and conversion; (xii) civil conspiracy; (xiii) racketeering;

and (xiv) unjust enrichment.  Now pending are a Motion to Dismiss First Amended Complaint (#27) filed by Defendant Indymac Mortgage Services ("Indymac"); a Motion to Dismiss First Amended Complaint (#29) filed by Defendant Mortgage Electronic Registration System, Inc. ("MERS"); a Second Motion to Remand (#31) filed by Plaintiff Jose Camacho-Villa; and a Motion to Stay All Proceedings Pending Decision on Motion to Remand (#37) filed by Defendant MERS.  The motions are ripe, and we now rule on them.

## I. Factual Background

Plaintiffs allege that on or about December 14, 2006, Plaintiffs Jose Camacho-Villa and Michelle Camacho-Villa executed a note in the amount of $214,400 in favor of lender Great Western Home Loans (the "Mortgage Note") and a deed of trust (the "Deed of Trust") with respect to real property located at 7322 Warhol Drive, Sun Valley, Nevada 89433 (the "Property"). (Am. Compl. ¶ 3 (#26).) Plaintiffs contend that they made several attempts to modify their loan (the "Loan") through Indymac, believed to be the Loan servicer, but were not able to contact the holder of the note directly. (Id. at ¶34.)  A notice of default with respect to the Loan was recorded on September 23, 2009 by Defendant Meridian Trust Deed Service. Id. On December 28, 2009, MTDS, Inc. recorded a Notice of Trustee's sale with respect to the Property.

## II. Procedural Background

On March 8, 2010, Plaintiffs Jose Camacho-Villa and Michelle Camacho-Villa filed a "Complaint Quiet Title and Other Equitable

2

Remedies" (#1 Ex. 1) in the Second Judicial District Court of the State of Nevada in and for the County of Washoe.  On April 13, 2010, Defendants MERS and Indymac filed a Petition for Removal (#1) to the United States District Court for the District of Nevada.  Also on April 13, 2010, Plaintiff Jose Camacho-Villa filed a Motion to Remand to State Court (#2).  Defendant Indymac filed a Response (#7) to Motion to Remand to State Court (#2) and a Motion to Dismiss (#8) on April 30, 2010.  Defendant MERS filed a Motion to Dismiss (#12) on May 3, 2010.

Pursuant to a June 3, 2010 Conditional Transfer Order (#20), the claims in this case related to the formation and/or operation of MERS were transferred by the United States District Panel on Multidistrict Litigation to the District of Arizona.  The claims unrelated to the formation and/or operation of MERS were simultaneously remanded to this Court.

On July 12, 2010, the Court granted Plaintiffs leave to amend their complaint and denied Plaintiffs' Motion to Remand (#2), Defendant Indymac's Motion to Dismiss (#8) and Defendant MERS's Motion to Dismiss (#12) as moot.

Plaintiffs filed their amended complaint (#26) on July 19, 2010.  Defendant Indymac filed a Motion to Dismiss First Amended Complaint (#27) on August 3, 2010.  Defendant MERS filed a Motion to Dismiss First Amended Complaint (#29) on August 5, 2010.  Plaintiff Jose Camacho-Villa filed a Second Motion to Remand (#31) on August 23, 2010.  Defendant MERS filed a Motion to Stay All Proceedings Pending Decision on Motion to Remand (#37) on September 13, 2010.

### III. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  Courts engage in a two-step analysis in ruling on a motion to dismiss. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).  First, courts accept only non-conclusory allegations as true. <u>Iqbal</u>, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555).  Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u>  Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." <u>Id.</u> at 1950.  The Court must draw all reasonable inferences in favor of the plaintiff. <u>See</u> <u>Mohamed v. Jeppesen Dataplan, Inc.</u>, 579 F.3d 943, 949 (9th Cir. 2009).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint "states a plausible claim for relief." <u>Iqbal</u>, 129 S. Ct. at 1949. (citing <u>Twombly</u>, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> at 1949 (citing <u>Twombly</u>, 550 U.S. at 556).  This plausibility standard "is not akin to a 'probability requirement,' but it asks

4

for more than a sheer possibility that a defendant has acted
unlawfully." Id.   A complaint that "pleads facts that are 'merely
consistent with' a defendant's liability...'stops short of the line
between possibility and plausibility of 'entitlement to relief.'"
Id. (citing Twombly, 550 U.S. at 557).

**IV. Plaintiffs' Motion to Remand (#31) and Defendant MERS's Motion
to Stay Proceedings (#37)**

       Pursuant to a June 3, 2010 Conditional Transfer Order (#20),
the claims in this case related to the formation and/or operation of
MERS were transferred by the United States District Panel on
Multidistrict Litigation to the District of Arizona.   The claims
unrelated to the formation and/or operation of MERS were
simultaneously remanded to this Court.   Thus, we do not have
jurisdiction over the entirety of this lawsuit, and cannot, at this
time, remand it.   Therefore, Plaintiffs' Motion to Remand (#31) will
be denied.   Plaintiffs may renew their motion to remand or file
another motion to remand after the District of Arizona has completed
pretrial proceedings and transferred any remaining MERS-related
claims back to this court.   As Plaintiffs' Motion to Remand (#31)
will be denied, Defendant MERS's Motion to Stay Proceedings Pending
Decision on Motion to Remand will therefore be denied as moot.

**V. Defendant Indymac's Motion to Dismiss First Amended Complaint
(#27)**

       Defendant Indymac filed a Motion to Dismiss (#27) Plaintiffs'
First Amended Complaint (#22) pursuant to Federal Rule of Civil

Procedure 12(b)(6) on August 3, 2010.  Defendant Indymac alleges (i) that Plaintiffs' first cause of action, for injunctive relief, must be dismissed because it fails to state facts sufficient to constitute a cause of action against Indymac; (ii) that Plaintiffs' second cause of action, for declaratory relief, must be dismissed because it fails to state facts sufficient to constitute a cause of action against Indymac; (iii) that Plaintiffs' third cause of action, a claim for abusive debt collection practices, must be dismissed because Indymac is not a debt collector; (iv) that Plaintiffs' fourth cause of action, alleging unfair and deceptive trade practices, must be dismissed because Indymac is not a debt collector; (v) that Plaintiffs' fifth cause of action, for violation of unfair lending practices, must be dismissed because Indymac is not a lender; (vi) that Plaintiffs' sixth cause of action, alleging breach of the implied covenant of good faith and fair dealing, must be dismissed because Indymac is not a party to the Loan contract; (vii) that Plaintiffs' seventh cause of action for wrongful disclosure must be dismissed because Indymac did not record any documents on title with respect to the Property; (viii) that Plaintiffs' eighth cause of action for quiet title must be dismissed because Indymac did not cause a cloud on title to the Property; (ix) that Plaintiffs' ninth and tenth causes of action for fraud through omission and fraud in the inducement must be dismissed because they fail to state facts sufficient to sustain a cause of action against Indymac; and (x) that Plaintiffs' fourteenth cause of action unjust enrichment must be dismissed because it fails to state facts sufficient to constitute a cause of action against Indymac.

**A. Plaintiffs' First Cause of Action Must be Dismissed Because It Fails to State Facts Sufficient to Constitute a Cause of Action for Injunctive Relief as to Defendant Indymac.**

Plaintiffs' first cause of action seeks injunctive relief to enjoin Defendants from proceeding with a foreclosure sale with respect to the Property. (Am. Compl. ¶ 48 (#26).)  This cause of action is based upon Plaintiffs' claim that the Notice of Default and Election to Sell Under Deed of Trust and the Notice of Trustee's Sale were improperly recorded on title to the subject property. Defendant Indymac contends that it had no involvement in the foreclosure of the Property, and so this cause of action must be dismissed.

Plaintiffs contend generally that "the continued deception exists by all the present Defendants, participating in the transaction, assuming either the servicing rights or accepting the note," but Plaintiffs do not allege any specific wrongdoing on the part of Indymac with respect to the recording of the Notice of Default and Election to Sell Under Deed of Trust and the Notice of Trustee's Sale. (Id. ¶ 45.)  We therefore find that Plaintiffs' first cause of action is too vague to survive a motion to dismiss. Claims that fail to identify which defendant is responsible for what alleged injury do not adequately place defendants on notice of the claim or claims being asserted against them.  See Fortaleza, 642 F. Supp. 2d at 1022.

**B. Plaintiffs' Second Cause of Action Must be Dismissed Because It Fails to State Facts Sufficient to Constitute a Cause of Action for Declaratory Relief as to Defendant Indymac.**

Plaintiffs' second cause of action for declaratory relief seeks a judicial declaration that the recording of the Notice of Default and Election to Sell Under Deed of Trust and the Notice of Trustee's Sale was unlawful and created a cloud on title to the Property. (Am. Compl. ¶ 55 (#26).)

As stated above, Plaintiffs do not allege any specific wrongdoing on the part of Indymac with respect to the recording of the Notice of Default and Election to Sell Under Deed of Trust and the Notice of Trustee's Sale. (Id. ¶ 45.)  We therefore find that Plaintiffs' second cause of action is too vague to survive a motion to dismiss.  Claims that fail to identify which defendant is responsible for what alleged injury do not adequately place defendants on notice of the claim or claims being asserted against them.  See Fortaleza, 642 F. Supp. 2d at 1022.

**C. Plaintiffs' Third Cause of Action for Abusive Debt Collection Practices Must be Dismissed Because Defendant Indymac is Not a Debt Collector for Purposes of the FDCPA.**

Defendant Indymac argues that Plaintiffs' third cause of action, alleging a claim for abusive debt collection practices, must be dismissed because Indymac is not a debt collector.  Plaintiffs allege that the Notice of Default with respect to the Loan violates The Federal Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692. (Am. Compl. ¶ 60-66 (#26).)  The FDCPA regulates "debt collectors," and defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or

8

indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The statute's definition of "debt collector" does not include a person who collects a debt "to the extent such activity...(ii) concerns debt which was originated by such person; [or] (iii) concerns a debt which is not in default at the time it is obtained by such person." 15 U.S.C. § 1692a(6)(F).

Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA. Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193 (C.D. Cal. 2008). See also Heinemann v. Jim Walter Homes, Inc.,47 F. Supp. 2d 716, 722 (N.D.W. Va. 1998). Further, the FDCPA's definition of "debt collector" does not "include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." Croce v. Trinity Mortg. Assur. Corp., 2009 U.S. Dist. LEXIS 89808 (D. Nev. Sept. 28, 2009). See also S. Rep. No. 95-382, 95th Cong., 1st Sess. 3, reprinted in 1977 U.S. Code Cong. & Ad. News 1695, 1698.

As a mortgage servicing company, therefore, Indymac will not be considered a "debt collector" under the FDCPA. Further, Plaintiffs do not allege any facts to show that Indymac engaged in any conduct that would violate fair debt collection statutes. Plaintiffs allege that Indymac violated the FDCPA and Nevada debt collection statutes by recording a Notice of Default and Election to Sell that did not contain language mandated by 15 U.S.C. § 1692e(11) and 15 U.S.C. § 1692g(a)(1)-(5). (Am. Compl. ¶ 61-62 (#26).) Plaintiffs' Amended Complaint (#26), however, alleges that Defendant MTDS, Inc., as

opposed to Indymac, filed the Notice of Default and Election to Sell, and does not allege any further facts indicating that Indymac violated federal or state fair debt collection statutes. <u>Id.</u> ¶¶ 5, 28.

We therefore find that as a mortgage servicing company, Indymac does not fit the FDCPA's definition of "debt collector." We further find that Plaintiffs have failed to allege facts sufficient to sustain a claim that Indymac violated the FDCPA and Nevada debt collection statutes. Therefore, Plaintiffs' third cause of action must be dismissed as to Defendant Indymac.

**D. Plaintiffs' Fourth Cause of Action, Alleging Unfair and Deceptive Trade Practices, Must be Dismissed Because Defendant Indymac is Not a Debt Collector for Purposes of the FDCPA.**

Defendant Indymac contends that Plaintiffs' fourth cause of action must be dismissed because Indymac is not a debt collector for purposes of the FDCPA. Plaintiffs contend that Defendants violated the Nevada Unfair and Deceptive Trade Practices Act because they did not have the required foreign collector's license when they sent the Notice of Default and Election to Sell in violation of Nev. Rev. Stat. § 649.370 and the FDCPA.

As stated above, the FDCPA regulates "debt collectors." Nev. Rev. Stat. § 649.370 codifies the FDCPA as part of Nevada state law, providing that "a violation of any provision of the federal Fair Debt Collection Practices Act...or any regulation pursuant thereto, shall be deemed a violation of this chapter." As such, Nev. Rev. Stat. § 649.370 regulates "debt collectors" as defined by the FDCPA. We found above that Indymac is not a debt collector for purposes of

10

the FDCPA.   It therefore follows that Indymac is not a debt collector for purposes of Nev. Rev. Stat. § 649.370.

Because Indymac is not a debt collector for purposes of FDCPA and Nev. Rev. Stat. § 649.370, we find that Plaintiffs' fourth cause of action for violation of the Nevada Unfair and Deceptive Trade Practices Act must be dismissed as to Defendant Indymac.

**E. Plaintiffs' Fifth Cause of Action for Unfair Lending Practices Must be Dismissed Because Defendant Indymac is Not a Lender with respect to the Loan.**

Defendant Indymac argues that Plaintiffs' fifth cause of action for unfair lending practices under Nev. Rev. Stat. § 598D, must be dismissed because Indymac is not a lender with respect to the Loan. (Am. Compl. ¶ 78 (#26).)  Nev. Rev. Stat. § 598D.050 defines "Lender" as a "mortgagee, beneficiary of a deed of trust or other creditor who holds a mortgage, deed of trust or other instrument that encumbers home property as security for the repayment of a home loan."

Here, the parties do not dispute that Indymac was not the original lender with respect to the Loan.  Plaintiffs' Amended Complaint (#26) explicitly states that Great Western Home Loans was the lender with respect to the Loan. Id. ¶ 3.  Further, the Deed of Trust identifies Great Western Homes as the lender with respect to the Loan.  The Ninth Circuit Court of Appeals has held that "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss

11

into a motion for summary judgment. <u>Branch v. Tunnell</u>, 14 F.3d 449, 454 (9th Cir. 1994).

Plaintiffs claim that as a loan servicer, Indymac "steps into the shoes of the originator" and so is subject to Plaintiffs' claims because the servicer has the right to collect on the debt. (P.'s Resp. at 3 (#32)). Specifically, Plaintiffs claim that either the original lender, Great Western Home Loans, established a relationship with Indymac as loan servicer, or, in the alternative, that the Note was endorsed by the payee-mortgagee and physically delivered to Indymac as the new holder. <u>Id.</u> Plaintiffs do not provide, nor have we discovered, any authority for this position. On the contrary, we have held that a loan servicer that is not involved in the origination of a loan will not be subject to an unfair lending practices claim under Nev. Rev. Stat. § 598D. <u>Contreras v. Master Fin., Inc.</u>, 2010 U.S. Dist. LEXIS 118017 (D. Nev. Nov. 4, 2010); <u>Hasan v. Ocwen Loan Servicing, LLC</u>, 2010 U.S. Dist. LEXIS 69634 (D. Nev. July 12, 2010); <u>Freeto v. Litton Loan Servicing LP</u>, 2010 U.S. Dist. LEXIS 78869 (D. Nev. July 7, 2010).

We therefore find that Indymac was not a lender with respect to the Loan, and so no cause of action may be asserted against Indymac under Nev. Rev. Stat. § 598D. Therefore, on the foregoing basis, Plaintiffs' fifth cause of action must be dismissed as to Defendant Indymac.

**F. Plaintiffs' Sixth Cause of Action for Violation of the Covenant of Good Faith and Fair Dealing Must be Dismissed Because Defendant Indymac was Not a Party to the Loan Contract.**

1    In their sixth cause of action, Plaintiffs assert a violation

2  of the covenant of good faith and fair dealing.  Specifically,

3  Plaintiffs allege that Defendant Great Western Home Loans, as

4  lender, breached the covenant of good faith and fair dealing when it

5  "offered the Plaintiffs consideration for a loan modification, told

6  them that the foreclosure would be postponed and then invited them

7  to have their denial reconsidered" after the property was foreclosed

8  upon.  (Am. Compl. ¶ 83 (#26)).

9    Under Nevada law, "[e]very contract imposes upon each party a

10  duty of good faith and fair dealing in its performance and

11  execution." A.C. Shaw Constr. v. Washoe County, 105 Nev. 913, 914

12  (Nev. 1989)(quoting Restatement (Second) of Contracts § 205).  This

13  duty requires each party not to do anything to destroy or otherwise

14  injure the rights of the other to receive the benefits of the

15  contract.  Hilton Hotels Corp. v. Butch Lewis Productions, Inc., 107

16  Nev. 226, 234 (1991).  To prevail on a cause of action for breach of

17  the implied covenant of good faith and fair dealing, a plaintiff

18  must show: (i) the existence of a valid, enforceable contract; (ii)

19  the defendant's performance in a manner that is unfaithful to the

20  purpose of the contract and the justified expectations of the

21  plaintiff; and (iii) resulting damages sustained by the plaintiff.

22  Perry v. Jordan, 111 Nev. 943, 948 (1995).  It therefore follows

23  that the implied covenant of good faith and fair dealing only

24  extends to parties to the contract. Contreras v. Master Fin., Inc.,

25  2011 U.S. Dist. LEXIS 996 at *7-8 (D. Nev. Jan. 4, 2011); Bhadra v.

26  State Farm Fire & Cas. Co., 2010 U.S. Dist. LEXIS 64618 at *10 (D.

27

28                                  13

1  Nev. June 1, 2010); <u>Vargas v. California State Auto. Ass'n Inter-</u>
2  <u>Insurance Bureau</u>, 788 F. Supp. 462, 465 (D. Nev. Mar. 12, 1992).

3       Plaintiffs contend that as a mortgage servicing company,
4  Indymac "steps into the shoes of the originator" and so "is subject
5  to all [of Plaintiffs'] claims." (Response at 3 (#32).)  However, we
6  have not discovered, nor have Plaintiffs provided, any authority to
7  indicate that Indymac could be held liable for breach of the implied
8  covenant of good faith and fair dealing where Indymac was not a
9  party to the Loan contract.

10      We therefore find that Plaintiffs' sixth cause of action,
11 alleging breach of the implied duty of good faith and fair dealing,
12 must be dismissed as to Defendant Indymac.

13      **G. Plaintiffs' Seventh Cause of Action for Wrongful**
14 **Disclosure Must be Dismissed Because Defendant Indymac Did Not**
15 **Record any Documents on Title with Respect to the Property.**

16      In their seventh cause of action, Plaintiffs assert that
17 Defendants wrongfully initiated foreclosure on the Property.
18 Plaintiffs allege that Defendant MTDS, Inc., as agent for the
19 original or substituted trustee, caused a Notice of Default and
20 Election to Sell Under Deed of Trust to be recorded on September 23,
21 2009.  On December 28, 2009, Defendant Documents Processing
22 Solutions caused a Notice of Trustee's Sale to be recorded. (Am.
23 Compl. ¶ 90 (#26).)  Indymac contends that it should be dismissed
24 from Plaintiffs' wrongful foreclosure action because Indymac was not
25 involved with the recording of the Notice of Default or the Election
26 to Sell Under Deed of Trust or the Notice of Trustee's Sale with
27 respect to the Property.

28

14

An action for wrongful foreclosure requires that, at the time of the foreclosure sale, the plaintiff was not in breach of the mortgage contract. <u>Ellifritz v. Netbank</u>, 2010 U.S. Dist. LEXIS 139065 (D. Nev. Dec. 28, 2010); <u>Haley v. Elegen Home Lending, LP</u>, 2010 U.S. Dist. LEXIS 24590 (D. Nev. Mar. 15, 2010); <u>Collins v. Union Federal Sav. & Loan Ass'n</u>, 662 P.2d 610, 623 (D. Nev. 1983). Here, Plaintiffs admit that they were in default on their mortgage obligation.  (Am. Compl. ¶ 50 (#26).)  As such, there can be no sustainable action for wrongful foreclosure.

Furthermore, a claim for wrongful foreclosure does not arise until the power of sale is exercised. <u>Haley</u>, 2010 U.S. Dist. LEXIS 24590 at *4; <u>Collins</u>, 662 P.2d at 623. Plaintiffs filed both their original (#1) and amended (#26) complaints before the Property was sold.  As such, Plaintiffs' claim for wrongful foreclosure is premature and not actionable.

**H.  Plaintiffs' Eighth Cause of Action for Quiet Title Must be Dismissed Because Defendant Indymac Did Not Cause a Cloud on Title to the Property by Recording the Deed of Trust, Notice of Default, Election to Sell Under Deed of Trust or Notice of Trustee's Sale with Respect to the Property.**

Plaintiffs' eighth cause of action is for quiet title.  Under Nevada law, a quiet title action may be brought by a party who claims an adverse interest in the subject property. Nev. Rev. Stat. § 40.010.  A quiet title claim requires a plaintiff to allege that the defendant is unlawfully asserting an adverse claim to title to real property.  <u>Union Mill v. Mining Co. v. Warren</u>, 82 F. 519, 520 (C.C.D. Nev. 1897); <u>Clay v. Cheeline Banking & Trust Co.</u>, 159 P.

1081, 1082 (Nev. 1916).  Plaintiffs allege that Defendants caused a cloud on title to the Property by recording a Deed of Trust, Notice of Default, Election to Sell Under Deed of Trust and/or Notice of Trustee's Sale (Am. Compl. ¶ 102, 106 (#26).)

Plaintiffs acknowledge that the Deed of Trust on the Property was recorded by the lender, Defendant Great Western Home Loans (Id. ¶ 3.)  The Notice of Default, Election to Sell Under Deed of Trust and Notice of Trustee's Sale indicate on their faces that they were recorded by Defendant MTDS, Inc. (Request for Judicial Notice, Ex. 2 and 3.)  Plaintiffs do not allege any facts that would indicate that Defendant Indymac was involved in the filing of these documents, which caused a cloud on title to the Property.  We therefore find that Plaintiffs provide no viable legal or factual justification for their quiet title claim as to Defendant Indymac, and so it will be dismissed.

**I.  Plaintiffs' Ninth and Tenth Causes of Action for Fraud Through Omission and Fraud in the Inducement Must be Dismissed Because it Fails to State Facts Sufficient to Constitute a Cause of Action for Injunctive Relief as to Defendant Indymac.**

Under Nevada law, a claim for fraud in the inducement requires a party to prove each of the following elements: (1) a false representation; (2) knowledge or belief that the representation was false (or knowledge that the defendant had an insufficient basis for making the representation); (3) intent to induce the plaintiff to consent to the contract's formation; (4) justifiable reliance upon the misrepresentation; and (5) damage resulting from such reliance. J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc., 89 P.3d 1009,

1017 (Nev. 2004). A claim for fraudulent concealment requires that the "defendant must have been under a duty to disclose the fact to the plaintiff." <u>Nev. Power Co. v. Monsanto Co.</u>, 891 F. Supp. 1406, 1415 (D. Nev. 1995).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements, a plaintiff must specify the time, place and content of the misrepresentation as well as the names of the parties involved. <u>See</u> <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 993 n. 10 (9th Cir. 1999). In a case with multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal quotation marks and citation omitted).

Plaintiffs' claims fail to satisfy the heightened pleading standard of Rule 9(b). Plaintiffs' allegations in support of these claims are vague and conclusory. Indeed, Plaintiffs do not provide information related to the content and context of the alleged misrepresentation. Plaintiffs' ninth and tenth claims for relief thus fail to satisfy the requirements of Rule 9(b) and will be dismissed.

**J. Plaintiffs' Fourteenth Cause of Action for Unjust Enrichment Must be Dismissed Because There was a Written Contract Regarding the Mortgage on the Property.**

Plaintiffs allege, generally, that Defendants have been unjustly enriched by virtue of their "unethical, unsound lending practices." (Am. Compl. ¶ 117 (#26).)   To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. <u>Contreras v. Master Fin., Inc.</u>, 2011 U.S. Dist LEXIS 996 at *10 (Jan. 4, 2011). <u>See also</u> <u>Asphalt Prods. Corp. v. All Star Ready Mix</u>, 898 P.2d 699, 700 (Nev. 1995).   However, an action for unjust enrichment cannot stand when there is an express written contract which guides the activities of the parties. <u>LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975</u>, 942 P.2d 182, 187 (Nev. 1997).

Here, Plaintiffs entered into a written contract with respect to the mortgage on the Property, namely, the Deed of Trust and the Mortgage Note.   These documents guided the interactions, obligations and rights of the parties.   As such, Plaintiffs cannot make a claim for unjust enrichment with respect to actions that are controlled by a contract to which Plaintiffs are parties. <u>Contreras v. Master Fin., Inc.</u>, 2011 U.S. Dist. LEXIS 996 at *10. <u>See also</u> <u>LeasePartners Corp.</u>, 942 P.2d at 187-88.   Plaintiffs' claim for unjust enrichment will therefore be dismissed.

**VI. Defendant MERS's Motion to Dismiss First Amended Complaint (#29)**

Defendant MERS filed a Motion to Dismiss (#29) Plaintiffs' First Amended Complaint (#22) pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 5, 2010.

1    As stated above, pursuant to a June 3, 2010 Conditional

2 Transfer Order (#20), the claims in this case related to the

3 formation and/or operation of MERS were transferred by the United

4 States District Panel on Multidistrict Litigation to the District of

5 Arizona (the "MDL court").  The claims unrelated to the formation

6 and/or operation of MERS were simultaneously remanded to this Court.

7 Defendant MERS's motion to dismiss (#29) states claims that may be

8 within the jurisdiction of the MDL court.  As such, MERS's Motion to

9 Dismiss (#29) will be denied without prejudice insofar as it is

10 addressed to this Court.

11

12                        **VII. Leave to Amend**

13    Under Federal Rule of Civil Procedure 15(a), leave to amend is

14 to be "freely given when justice so requires."  In general,

15 amendment should be allowed with "extreme liberality."  Owens v.

16 Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)

17 (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074,

18 1079 (9th Cir. 1990)).  If factors such as undue delay, bad faith,

19 dilatory motive, undue prejudice or futility of amendment are

20 present, leave to amend may properly be denied in the district

21 court's discretion.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d

22 1048, 1051-52 (9th Cir. 2003).

23    Here, we previously granted Plaintiffs leave to amend their

24 original complaint (#1 Ex. 1) in our minute order (#25) of July 12,

25 2010.  We find that Plaintiffs should not be granted another

26 opportunity to amend their complaint.  There is no reason why

27 Plaintiffs could not have cured the deficiencies we have noted here,

28
                                  19

1   in their first amended complaint (#26).  As such, we are be forced
2   to conclude that leave to further amend would be futile.

### VIII. Conclusion

5        Plaintiffs have failed to state a claim upon which relief could
6   be granted with respect to their claims against Defendant Indymac.
7   Plaintiffs will not be given leave to amend.  Defendant MERS's
8   Motion to Dismiss (#29) appears to relate to claims under the
9   jurisdiction of the MDL court and will be dismissed without
10  prejudice insofar as it is addressed to this Court.  Defendant Jose
11  Camacho-Villa's Second Motion (#31) to Remand is denied.  Defendant
12  MERS's Motion (#37) to Stay all proceedings is therefore rendered
13  moot, and will be denied on that basis.

15       **IT IS, THEREFORE, HEREBY ORDERED** that Defendant Indymac's
16  motion to dismiss (#27) is **GRANTED.**  All of Plaintiffs' claims
17  against Indymac that are under our jurisdiction are dismissed.  This
18  Order is not intended to refer to or rule upon any claim under the
19  jurisdiction of the MDL court.

20       **IT IS HEREBY FURTHER ORDERED** that Defendant MERS's motion to
21  dismiss (#29) is **DENIED** without prejudice insofar as it is addressed
22  to this Court.  This Order is not intended to refer to or rule upon
23  any claim under the jurisdiction of the MDL court.

24       **IT IS HEREBY FURTHER ORDERED** that Plaintiff Jose Camacho-
25  Villa's Second Motion to Remand (#31) is **DENIED**.

20

**IT IS HEREBY FURTHER ORDERED** that Defendant MERS's Motion to Stay All Proceedings Pending Decision on Motion to Remand (#37) is **DENIED** as moot.

DATED: March 23rd 2011.

_Edward C. Reed._

UNITED STATES DISTRICT JUDGE