**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| JOSE CAMACHO-VILLA and MICHELLE CAMACHO-VILLA,<br><br>　　Plaintiffs,<br><br>vs.<br><br>GREAT WESTERN HOME LOANS, a California corporation; FIRST AMERICAN TITLE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a Delaware corporation; MTDS, INC., a California corporation; INDYMAC MORTGAGE SERVICES, a division of ONEWEST BANKS, FBS; and DOES and ROES 1-25 Individuals, Partnerships, or anyone claiming any interest to the property described in the action,<br><br>　　Defendants. | 3:10-CV-210-ECR-VPC<br><br><br><br><br>**Order** |

　　Plaintiffs are homeowners who allege that they are the victims of a predatory lending scheme perpetrated by Defendants. Plaintiffs assert causes of action for (i) injunctive relief; (ii) declaratory relief; (iii) violations of the Nevada Fair Debt Collection Law and the Federal Fair Debt Collection Practices Act; (iv) unfair and deceptive trade practices; (v) unfair lending practices; (vi) breach of the covenant of good faith and fair dealing; (vii) violations of Nev. Rev. Stat. § 107.080 et. seq.; (viii) quiet title; (ix) fraud

1  through omission; (x) fraud in the inducement; and (xi) unjust
2  enrichment.
3      Now pending are Defendant Mortgage Electronic Registration
4  System, Inc.'s ("MERS") motion (#46) to dismiss the first amended
5  complaint; Defendant MERS' request (#47) for judicial notice; and
6  Plaintiffs' motion (#51) to amend the first amended complaint.
7
8                      **I. Factual Background**
9      On or about December 14, 2006, Plaintiffs executed a note in
10 the amount of $214,400.00 (the "Mortgage Note) in favor of lender
11 Great Western Home Loans and a deed of trust with respect to real
12 property located at 7322 Warhol Drive, Sun Valley, Nevada 89433.
13 (Am. Compl. ¶ 3 (#26).)  Plaintiffs contend that they made several
14 attempts to modify their loan through IndyMac Mortgage Services, a
15 division of OneWest Bank FBS ("IndyMac"), the loan servicer, but
16 were not able to contact the holder of the note directly.  (Id. ¶
17 34.)  Defendant Meridian Trust Deed Service recorded a notice of
18 default with respect to the loan on September 23, 2009.  (Id.)  On
19 December 28, 2009, MTDS, Inc. recorded a Notice of Trustee's sale
20 with respect to the property.  (Id.)
21
22                    **II. Procedural Background**
23      Plaintiffs filed their complaint (#1 Ex. 1) in the Second
24 Judicial District Court of the State of Nevada in and for the County
25 of Washoe on March 8, 2010.  On April 13, 2010, Defendants MERS and
26 IndyMac removed the action to the United States District Court for
27 the District of Nevada via Petition for Removal (#1).
28                                 2

1     Pursuant to a June 3, 2010 Conditional Transfer Order (#20),
2 the claims in this case related to the formation and/or operation of
3 MERS were transferred by the United States District Panel on
4 Multidistrict Litigation to the District of Arizona (the "MDL
5 Court"). The claims unrelated to MERS were simultaneously remanded
6 to this Court.
7     By order (#25) on July 12, 2010, the Court granted Plaintiffs
8 leave to amend their complaint and denied Plaintiffs' motion to
9 remand (#2), Defendant IndyMac's motion to dismiss (#8), and
10 Defendant MERS' motion to dismiss (#12) as moot.
11     Plaintiffs filed their amended complaint (#26) on July 19,
12 2010. By order (#43) on March 23, 2011, the Court granted Defendant
13 IndyMac's motion (#27) to dismiss, dismissing with prejudice all of
14 Plaintiffs' claims against Defendant IndyMac in our jurisdiction.
15 The Court further denied Defendant MERS' motion (#29) to dismiss
16 without prejudice and Plaintiff Jose Camacho-Villa's second motion
17 (#31) to remand.
18     On March 29, 2011, Defendant MERS filed a second motion (#46)
19 to dismiss and a request (#47) for judicial notice in connection
20 with that motion. On May 15, 2011, Plaintiff Jose Camacho-Villa
21 filed a motion (#51) to amend the complaint. On May 19, 2011, the
22 Court dismissed (#52) Defendants Great Western Home Loans and
23 Meridian Foreclosure Service pursuant to Fed. R. Civ. P. 4(m). By
24 order (#56) on June 23, 2011, the Court dismissed all claims against
25 Defendant MERS remaining in our jurisdiction pursuant to the
26 parties' stipulation (#55).
27
28                                3

### III. Legal Standard

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend in pleading once as a matter of course. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In general, leave to amend should be granted with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). However, it is properly within a district court's discretion to deny leave to amend if factors such as undue delay, bad faith, dilatory motive, undue prejudice, or futility of amendment are present. Foman v. Davis, 371 U.S. 178, 182 (1962). Accordingly, leave to amend should be denied where the court determines that a complaint's deficiencies cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (citing Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)).

### IV. Discussion

In our previous order (#43) whereby we dismissed with prejudice all eleven of Plaintiffs' claims against Defendant IndyMac, we found "that Plaintiffs should not be granted another opportunity to amend their complaint. There is no reason why Plaintiffs could not have cured the deficiencies we have noted here, in their first amended complaint." We therefore concluded that leave to further amend would be futile. Plaintiffs have presented no basis to reconsider

1 the previous order (#43).  For this reason, further leave to amend
2 should be denied.
3     Moreover, in their second amended complaint (Pls.' Mot. Leave
4 File Am. Compl. (the "Motion") Ex. 1 (#51)), Plaintiffs seek to re-
5 assert most of the claims that were dismissed without prejudice as
6 to Defendant IndyMac Mortgage Services, a division of OneWest Bank,
7 FBS directly against OneWest Bank, FBS.  (Id.)  Plaintiffs have
8 alleged no new actions that OneWest Bank, FBS took independently of
9 Plaintiffs' loan servicer, IndyMac.  Because all claims against
10 Defendant IndyMac were dismissed without leave to amend, allowing
11 Plaintiffs to re-state the same claims against OneWest Bank, FBS
12 would prove futile and unduly prejudicial toward OneWest Bank, FBS.
13     Furthermore, amendment to include Plaintiffs' additional claims
14 for slander of title and abuse of process would also prove futile.
15 A claim for slander of title "involves false and malicious
16 communications, disparaging to one's title in land, and causing
17 special damages."  Exec. Mgmt., Ltd. v. Ticor Title Co., 963 P.2d
18 465, 478 (Nev. 1998).  Here, Plaintiffs do not dispute that they
19 were in default on their mortgage.  (See Motion Ex. 1 ¶¶ 149-52
20 (#51); Def.'s Resp. Mot. Leave File Am. Compl. (the "Response") at
21 11 (#53)).  For this reason, Plaintiffs' slander of title action
22 will not lie.  See Ramos v. Mortg. Elec. Registration Sys., Inc.,
23 No. 2:08-CV-1089, 2009 WL 5651132 at *4 (D. Nev. Mar. 5, 2009)
24 (dismissing slander of title action because "Plaintiffs do not
25 dispute that they were in default on their loan").  Likewise,
26 amendment to include Plaintiffs' proposed additional claim for abuse
27 of process would be futile because non-judicial foreclosure is not
28

5

the type of "process" addressed by the abuse of process tort, as it does not involve judicial action. <u>Riley v. Greenpoint Mortg. Funding, Inc.</u>, No. 2:10-cv-1873, 2011 WL 1979831 at *5 (D. Nev. May 20, 2011); see also <u>Barlow v. BNC Mortg., Inc.</u>, No. 3:11-CV-0304, 2011 WL 4402955 at *4 (D. Nev. Sept. 21, 2011) ("[T]he process at issue in this action is a non-judicial foreclosure which is not the characteristic legal action contemplated by an abuse of process claim . . . Therefore, the court finds that [Plaintiff] has failed to state a claim for abuse of process.") (citation omitted). Accordingly, the Court finds that amendment to add claims for slander of title and abuse of process would be futile.

Finally, amendment to allow Plaintiffs to assert claims against a new defendant, Darien McDonald, would also prove futile. In their proposed second amended complaint, Plaintiffs allege that Darien McDonald signed the Notice of Default as agent for Defendant First American Title Insurance Company. (Motion Ex. 1 ¶ 6 (#51).) Pursuant to Nevada law, a person signing an instrument as a representative is not personally liable on the instrument so long as the "signature shows unambiguously that the signature is made on behalf of the represented person who is identified in the instrument." NEV. REV. STAT. § 104.3402(2)(a); see also <u>Seigworth v. State</u>, 539 P.2d 464, 539 (Nev. 1975) ("Unless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract."). Because Plaintiffs freely admit that Darien McDonald signed the document as an agent, Plaintiffs have no claim against

6

Darien McDonald. Accordingly, allowing Plaintiffs to state claims against Darien McDonald would prove futile.

### IV. Conclusion

This Court previously ordered (#43) that Plaintiffs would not be again granted leave to amend for reasons of futility. Having presented no basis for reconsidering that order but only new claims that would prove futile, Plaintiffs must be denied leave to amend.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiffs' motion (#51) for leave to file an amended complaint is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant MERS' motion (#46) to dismiss and its request (#47) for judicial notice in support thereof are **DENIED** as moot due to this Court's order (#56) dismissing Defendant MERS from this action pursuant to the parties' stipulation (#55).

DATED: October 4, 2011.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE