UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | |
|---|---|
| JOSE CAMACHO-VILLA and MICHELLE CAMACHO-VILLA,<br><br>　　Plaintiffs,<br><br>vs.<br><br>GREAT WESTERN HOME LOANS, a California corporation; FIRST AMERICAN TITLE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a Delaware corporation; MTDS, INC., a California corporation; INDYMAC MORTGAGE SERVICES, a division of ONEWEST BANK, FBS; and DOES and ROES 1-25 Individuals, Partnerships, or anyone claiming any interest to the property described in the action,<br><br>　　Defendants. | 3:10-CV-210-ECR-VPC<br><br><br><br><u>**Order**</u> |

　　This case arises out of the foreclosure of Plaintiffs' home. Now pending before the Court is Defendant IndyMac Mortgage Services, a division of OneWest Bank, FBS's ("IndyMac") Motion to Expunge Lis Pendens (#60).

## I. Background

　　Plaintiffs filed their complaint (#1 Ex. 1) in the Second Judicial District Court of the State of Nevada in and for the County

of Washoe on March 8, 2010. On April 13, 2010, Defendants MERS and IndyMac removed the action to the United States District Court for the District of Nevada via Petition for Removal (#1).

Plaintiffs filed their amended complaint (#26) on July 19, 2010. By order (#43) on March 23, 2011, the Court granted Defendant IndyMac's motion (#27) to dismiss, dismissing with prejudice all of Plaintiffs' claims against Defendant IndyMac in our jurisdiction. The Court further denied Defendant MERS' motion (#29) to dismiss without prejudice and Plaintiff Jose Camacho-Villa's second motion (#31) to remand.

On May 19, 2011, the Court dismissed (#52) Defendants Great Western Home Loans and Meridian Foreclosure Service pursuant to Fed. R. Civ. P. 4(m). By order (#56) on June 23, 2011, the Court dismissed all claims against Defendant MERS remaining in our jurisdiction pursuant to the parties' stipulation (#55).

On October 5, 2011, we denied (#58) Plaintiff leave to file an amended complaint.

On November 15, 2011, we dismissed (#62) Defendant MTDS, Inc. pursuant to Fed. R. Civ. P. 4(m).

## II. Discussion

Nevada statutory law allows a Notice of Pendency or a Lis Pendens to be fled for an action pending in the United States District Court for the District of Nevada when there is "a notice of an action affecting real property, which is pending," in any such court. NEV. REV. STAT. § 14.010(2).

    Our previous Order (#43) dismissed all of Plaintiff's claims against Defendant IndyMac - it did not speak to Plaintiff's claims against the other Defendants. As delineated above, Defendants MERS, MTDS, Inc., and Meridian Foreclosure Service have also been dismissed from the case. However, Plaintiffs' claims against Defendant First American Title Company remain. While it is true that Nev. Rev. Stat. § 14.015(3) would require Plaintiffs to establish that they have at least a fair chance of success on the merits in the action should Defendants request a hearing on the notice of pendency, Defendants have not requested such a hearing. As there are still pending claims in this case, the Court is without power to expunge the lis pendens.

    **IT IS, THEREFORE, HEREBY ORDERED** that Defendant IndyMac's Motion to Expunge Lis Pendens is **DENIED**.

DATED: May __21__, 2012.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

3